UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV2455 RLW |
| | ) |
| FIREMAN'S FUND INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Request for Status Conference (ECF No. 23), Defendant Fireman's Fund Insurance Company's Motion to Strike Plaintiff's Expert Designation and Report (ECF No. 24), and Plaintiff's First Motion and Supporting Memorandum to File First Amended Complaint and for Other Relief (ECF No. 27).

### I. Request for a Status Conference

In Plaintiff's Request for a Status Conference, Plaintiff asks for a status conference because "a status conference with the Court would be helpful to the parties in: (a) Understanding the scope of the pleadings and the claim; (b) Setting a new Scheduling Order, if necessary; (c) Granting the Plaintiff leave to amend any pleadings, if necessary; and (d) For such other and further relief this Court deems fit and proper." (ECF No. 23 at 2).

In response, Defendant claims that Plaintiff's request for a status conference is improper because the Court cannot issue an advisory opinion. (ECF No. 26 at 1-2). Further, Defendant asserts that Plaintiff has not shown good cause to file an amended complaint and an amended case management order. (ECF No. 26 at 2-3).

1

Defendant is correct that federal courts "do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). The Court cannot tell the parties in the abstract what its rulings would be on matters not currently before the Court. Thus, the Court will not hold a status conference to help the parties "understand the scope of the pleadings and the claim." In any event and as discussed herein, the Court does not believe that a status conference is necessary at this time because it is issuing an amended case management order that will allow Plaintiff to file an amended complaint. Plaintiff's Request for Status Conference is denied without prejudice.

II. **Defendant's Motion to Strike Plaintiff's Expert Designation and Report**

In Defendant's Motion, it claims that Plaintiff failed to comply with the report requirements in Fed.R.Civ.P. 26(a)(2)(B) for James Archibald's expert report. (ECF No. 24). In response, Plaintiff attempts to provide the information required for an expert report under Fed.R.Civ.P. 26(a)(2)(B). (ECF No. 31).

The Court denies Defendant's motion to strike Plaintiff's Expert Designation and Report without prejudice. The Court is entering an amended case management order, which will include a new date for Plaintiff to provide expert reports and another opportunity to comply with Fed.R.Civ.P. 26(a)(2)(B).

III. **Plaintiff's First Motion and Supporting Memorandum to File First Amended Complaint and for Other Relief**

In Plaintiff's First Motion and Supporting Memorandum to File First Amended Complaint and for Other Relief, Plaintiff describes at length Defendant's alleged "sandbagging" of Plaintiff, which resulted in Plaintiff's need to "(a) File an amended petition, (b) Amend the case management order, (c) For such other and further relief this Court deems fit and proper, and (d) Reimbursement of its [sic] travel and mediation expenses in view of Plaintiff's 5 months of

sandbagging and bad faith going into the Mediation." (ECF No. 27 at 14) In addition, Plaintiff contends he has provided good cause to amend his complaint because Defendant has been "sandbagging" Plaintiff for 5 months into believing that this case would be settled at mediation once Plaintiff provided a list of unrepaired items. (ECF No. 27 at 14).

In response, Defendant notes that Plaintiff failed to amend his complaint prior to the February 27, 2014 deadline in the CMO. (ECF No. 29 at 2). Defendant further contends that Plaintiff has not asserted "good cause" for amending his complaint as required under Fed.R.Civ.P. 16(b). In particular, Defendant states that Plaintiff has not shown why he failed to amend his complaint earlier. (ECF No. 29 at 7-8). In addition, Defendant states that Plaintiff has not shown diligence in complying with the CMO. (ECF No. 29 at 8). Defendant maintains that Plaintiff could not have been "sandbagged" because Plaintiff alleges that he formed the belief that this case would settle at mediation three months after the pleading amendment deadline. (*Id.*). Finally, Defendant contends that Plaintiff is not entitled to a "do over" to assert another theory of liability other than complete loss. (ECF No. 29 at 8-9).

The Court finds that Plaintiff has sufficiently alleged good cause for the Court to allow amendment of the Complaint and the CMO. Defense counsel Jason A. Richardson stated in his June 9, 2014 letter to Plaintiff's counsel that he agreed that this was not a "total loss" case and that he was attaching discovery relevant to the new theory of liability "to speed things up." (ECF No. 27-3). Defense counsel further stated that, "[i]f we can get on the same page as to what, if anything, was not appropriately covered under the claim then we may be able to proceed with a pre-trial resolution of this case." (*Id.*)

3

The Court finds that, based upon this letter and subsequent dealings between the parties, the parties agreed to try this case with the understanding that the liability would not be for a "total loss." *See* Fed.R.Civ.P. 15(b)(2).[1] Based upon this, the Court will allow Plaintiff to amend his pleadings. However, the Court does not believe that Plaintiff's mistaken belief that this case would settle at mediation excuses Plaintiff from conducting discovery in a timely manner. Therefore, the Court will enter a new CMO, but require the parties to complete discovery within a shortened time frame.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Status Conference (ECF No. 23) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Defendant Fireman Fund Insurance Company's Motion to Strike Plaintiff's Expert Designation and Report (ECF No. 24) is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's First Motion and Supporting Memorandum to File First Amended Complaint and for Other Relief (ECF No. 27) is **GRANTED**, in part. The Court issues herewith an amended case management order that allows Plaintiff to file an amended complaint. The Court denies Plaintiff's request for reimbursement of his travel and mediation expenses.

---

[1] Fed.R.Civ.P. 15(b)(2) provides: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue."

Dated this 10th day of December, 2014.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE